USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x
                          :

JIMMY S.C. JINN,                            :      Case No.:
                                :      1:20CVO1122PGG-RWL:

              Plaintiff,       :

  vs.                               :

                                :      **STIPULATED**
SIG SAUER, INC.,                   :      **CONFIDENTIALITY**
                                :      **AGREEMENT AND**
             Defendant.     :      **PROTECTIVE ORDER**
                                :

                                :

----------------------------------------------------------------------- X

**WHEREAS,** Plaintiff has filed this lawsuit to recover damages that allegedly arise out of a discharge of a firearm that occurred on July 24, 2019;

**WHEREAS**, Plaintiff alleges, among other things, that the Sig Sauer P320 model pistol that he was using at the time of his accident was defective and discharged without a trigger pull;

**WHEREAS**, Plaintiff has alleged that Defendant Sig Sauer, Inc. bears responsibility for the design, manufacture and/or distribution of the subject firearm;

**WHEREAS**, the information to be disclosed in discovery includes information and documents from Sig Sauer, Inc. that relate to the design, manufacture, testing, marketing and distribution of the subject P320 model pistol at issue in this action;

**WHEREAS**, Plaintiff and Sig Sauer, Inc. agree that some of the requested materials constitute confidential information, trade secrets and/or commercially sensitive material, the uncontrolled dissemination of which could materially and detrimentally impact Bell Sports, Inc.;

      **THE PARTIES TO THIS STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER THEREFORE AGREE:**

1.      Each party may designate as CONFIDENTIAL INFORMATION any trade secret or other information believed in good faith by the designating party to be proprietary or confidential research, development, or commercial information.   Defendant Sig Sauer, Inc. specifically designates the following information as confidential to the extent it is produced:

(a)     testing records;

(b)     design drawings;

(c)     product specifications;

(d)     internal research information;

(e)     internal financial information; and

(f)     manufacturing specifications.

Additional documents not falling under the above-listed categories may be designated as CONFIDENTIAL INFORMATION under the terms of this agreement.

2.      This Confidentiality Agreement and Protective Order (hereinafter "Agreement") shall be applicable to all depositions, interrogatories, document productions, requests for admission, responses to any such discovery requests, and any other discovery requests or responses made in this lawsuit entitled "*Jimmy S.C. Jinn v. Sig Sauer, Inc.*," pending in the United States District Court for the Southern District of New York, Case No.: 1:20-CV-01122-PGG-RWL (hereinafter referred to as the "Lawsuit"), and any other material or information hereafter furnished by or on behalf of any party or any person associated with any party in connection with this Lawsuit, that produces documents, information, or testimony (including by deposition or at trial), which contains or is designated as CONFIDENTIAL INFORMATION in accordance with the procedures set forth herein.

3.      For purposes of this Agreement, CONFIDENTIAL INFORMATION may include or be included in any document, physical object, tangible thing or the factual knowledge of persons, such as by way of example and not by limitation, recorded statements of counsel, transcripts, pleadings, motions, briefs, answers to interrogatories and other responses to

discovery requests, drawings, compositions, devices, company records and reports, summaries, notes, abstracts and any other instrument which contains CONFIDENTIAL INFORMATION.

4.      Any information or documents produced at any time, either voluntarily or pursuant to order, orally or in writing in this litigation, which is asserted by any party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by that party in writing as follows:

      a.      Documents and things shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL"; and

      b.      If such CONFIDENTIAL INFORMATION is contained or given in any deposition testimony, trial testimony or any other testimony, the transcript may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Agreement by notifying the parties on the record at the time the testimony is given, or in writing within thirty (30) days of receipt of the transcript by specifying the specific pages and lines of the transcript which contain such CONFIDENTIAL INFORMATION.

5.      Access to and review of CONFIDENTIAL INFORMATION shall be had at a location and in a manner agreed upon by the producing party.

6.      The restrictions upon, and obligations accruing to, persons who become subject to this Agreement shall not apply to any information produced in accordance with this Agreement as to which this Court or another court having jurisdiction over the production of information for this matter rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

7.      All CONFIDENTIAL INFORMATION filed with the Court, including all depositions, or any portion or portions of depositions which contain(s) CONFIDENTIAL INFORMATION, and all papers (including affidavits and memoranda of law) purporting to reflect CONFIDENTIAL INFORMATION shall be filed under seal, in sealed envelopes or other

3

appropriate sealed containers on which shall be endorsed the title of this Lawsuit, an identification of the contents of such sealed envelope or container, and the legend: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER," to the extent the Court in this Lawsuit permits such information to be filed under seal.

        8.     CONFIDENTIAL INFORMATION shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    a. The Court in this Lawsuit or any other court having jurisdiction over discovery procedures in this Lawsuit; a deponent, during the course of his or her examination, who is a current or former employee of any of the parties, or is an author, addressee, or other recipient of such material;

    b. Counsel for Plaintiffs or Defendants retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit, and the employees of such counsel assigned to assist them;

    c. The parties or their employees;

    d. Any experts or consultants used or retained by counsel to the extent deemed necessary by counsel to aid in the prosecution, defense, appeal or settlement of this Lawsuit. Prior to receiving any information designed CONFIDENTIAL INFORMATION, any such expert or consultant must first be shown a copy of this Agreement and must sign a declaration in the form of Exhibit A (the "Declaration"). Such Declaration shall be retained by counsel for the receiving party and must be disclosed to the producing party upon designation of such person or expert or upon reasonable request; and

    e. Such other persons as may be subsequently designated either by written agreement of the parties after a request by one of them, or by order of the Court upon motion of either party, after notice to the opposing party.

9.      Attendance at a deposition at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be limited to persons authorized to receive such information pursuant to the provisions of Paragraph 8, except for the court reporter and any interpreters, if necessary.

10.     All CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Agreement shall be used by the recipient solely for purposes of this Lawsuit. Use for purposes of this Lawsuit by the recipient shall mean use only in prosecuting or defending this Action, in testimony and exhibits at the trial and appeal of this Lawsuit, or in connection with motions, depositions or witness preparation subject to the restrictions of this Agreement, but such use shall not include, *inter alia*, use for or in connection with any commercial activity, including but not limited to research, development, manufacture, sale, or marketing of any product (including without limitation software), process, or service, or for purposes of publicity, or in any other legal proceeding.

11.     If the Court orders that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION shall be made to persons other than those identified in Paragraph 8 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Agreement, and such persons shall be considered subject to this Agreement, unless the Court orders that the information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

12.     If a party to this Agreement who is to receive or receives any CONFIDENTIAL INFORMATION in accordance with this Agreement disagrees with respect to its designation as CONFIDENTIAL INFORMATION, in full or in part, such receiving party shall notify the designating party in writing, and the recipient and the designating party shall thereupon confer as to the status of the subject information proffered within the context of this Agreement.  If the recipient and the producing party are unable to agree upon the status of the subject information

within two weeks (or within such shorter time as may be indicated by the circumstances), any party to this Agreement may challenge the propriety of such designation by a motion to the Court, which shall decide the issue. The Court may raise the issue of designation of information as confidential without any request from a party. All materials will be filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, until the Court has decided on the propriety of such designation.

13.      Upon the final termination or completion of this Lawsuit, each receiving party shall destroy or return to the producing party all CONFIDENTIAL INFORMATION and all non-privileged copies thereof made or received by or on behalf of the receiving party. This destruction or return of all CONFIDENTIAL INFORMATION shall be done within 14 days of the entry of final judgment or the signing and filing of a settlement agreement along with the accompanying dismissal of the action. All copies of CONFIDENTIAL INFORMATION which are privileged because of notations thereon by counsel or counsel's agents, representatives, experts or consultants for the non-producing party shall be destroyed by counsel or counsel's agents, representatives, experts or consultants for the non-producing party with a declaration with confirmation of such receipt or destruction provided in writing.

14.      A party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION which are not marked or designated in accordance with Paragraph 4 above. A party may at any time after the disclosure mark or designate such documents or copies of those documents as containing CONFIDENTIAL INFORMATION in accordance with Paragraph 4. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality or privilege, or other grounds of immunity from discovery as to any other document, thing or information.

15.      Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

16.     This Court shall retain jurisdiction of all matters pertaining to this Agreement, and all parties to this case are deemed to submit to the jurisdiction of this Court for matters relating to the enforcement of this Agreement.  This Agreement shall survive the final conclusion of this Lawsuit and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Agreement.

17.     All parties agree that this Agreement will not be used as evidence of the existence of a party's contact with the State of New York should any party raise jurisdiction as an issue in this Lawsuit.

18.     All parties agree to keep the terms of this Agreement confidential.

19.     This Agreement shall be governed and construed in accordance with the law of the State of New York.


**STIPULATED, AGREED, AND CONSENTED TO:**


By  /s/ Jeffrey Bagnell
        Jeffrey Bagnell, Esq.
        Attorney for Plaintiff

Dated: August 6, 2020

LITTLETON PARK JOYCE UGHETTA & KELLY LLP
Attorneys for Defendant Sig Sauer, Inc.

By  /s/ Brian Keith Gibson
        Brian Keith Gibson, Esq.

Dated: August 6, 2020


**SO ORDERED:**

8/6/2020

Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York

7

**EXHIBIT "A"**

**DECLARATION**

I, _____, declare as follows:

I understand that the information and/or documents to be provided to me marked as CONFIDENTIAL are subject to a protective order in the case *Jimmy S.C. Jinn v. Sig Sauer, Inc.*, United States District Court for the Southern District of New York, Case No.: 1:20-cv-01122-PGG-RWL, and constitute confidential information that is to be used only for the purpose of this Lawsuit.  I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

I have read the Confidentiality Agreement and Protective Order entered in this case and agree to be bound by its terms.  I understand that I may not copy or otherwise disseminate any confidential information received by me in the course of this case in any way not prescribed by the Protective Order.  I further understand that I must return all copies of confidential information upon request at the conclusion of this matter.

I hereby stipulate to the jurisdiction of this Court with regard to any proceedings to enforce the terms of the Confidentiality Agreement and Protective Order against me, whether by way of contempt of court, by a civil action for injunction(s) and/or monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____

This _____ day of _____, 202_

_____

8